FILED
SUPERIOR COURT
OF GUAM

2023 JUN -2 PM 5: 50

CLERK OF COURT

BY:_____

**IN THE SUPERIOR COURT OF GUAM**

| | |
|---|---|
| PACIFIC DATA SYSTEMS, INC., | CIVIL CASE NO. CV0760-21 |
| Plaintiffs, | |
| vs. | **DECISION AND ORDER**<br>**Re: GDOE's Motion to Reconsider and**<br>**GDOE's Motion for Clarification and/or**<br>**Modification of the Preliminary Injunction** |
| GUAM DEPARTMENT OF EDUCATION, | |
| Defendants. | |

## INTRODUCTION

This matter arises from a Decision and Order issued by this Court on October 11, 2022, granting a temporary preliminary injunction to Plaintiff Pacific Data Systems ("PDS") and enjoining Defendants Guam Department of Education ("GDOE") from pursuing a contract with Teleguam Holdings, LLC ("GTA"). Subsequent to the issuance of the Decision and Order, GDOE filed a Motion to Reconsider with the Court on October 21, 2022, followed by a Motion for Clarification and/or Modification of the Preliminary Injunction on October 27, 2022. The Court hereby **DENIES** both motions.

## BACKGROUND

On April 28, 2021, GDOE issued two invitations for bids on the procurement of Plain Old Telephone Services ("POTS") and Data Transmission Services ("DTS"). PDS and GTA submitted bids in response to the two invitations for bid on May 27, 2021. On or about June 4, 2021, GDOE issued notices of award to GTA for both the POTS and DTS procurement invitations. On June 9 and 10, 2021, PDS protested the selection of GTA as the lowest bidder

and asserted that (1) the selection of GTA violated procurement law because the pricing proposed by GTA did not conform to the Guam Telecommunications Act tariff filed and approved by the Guam Public Utilities Commission ("GPUC") and (2) that GTA's bid could not meet the start date specified in the IFBs. GDOE denied PDS's protest on June 29, 2021.

On July 13, 2021, PDS initiated appeals to the Office of Public Accountability ("OPA"). On August 31, 2021, PDS filed a motion seeking to have the OPA issue an order determining that the previous stay mandated by 5 GCA § 5425(g) has remained in place since the initiation of PDS's protest. On the same day, GDOE filed a motion to dismiss the appeal claiming that (1) the OPA lacks subject matter jurisdiction to review the denial of PDS's agency-level protest; and (2) since the tariff is set by the Guam Telecommunications Act, any review of the tariff can only be done before the GPUC.

Before the OPA issued its decision on the motions described above, GDOE transmitted fully executed contracts for both the POTS and DTS to GTA, on September 7, 2021, and a congratulatory letter stating that services shall commence no earlier than October 1, 2021. GTA engineers and technicians began working on the facilities necessary to perform under the contracts on September 11, 2021. On September 20, 2021, GTA submitted a Local Service Request ("LSR") to PDS to begin the porting process and transition services, which are necessary for the customer to continue to use the same phone numbers despite the change in provider. On September 21 and 24, 2021, GTA sent additional LSRs for porting and transition of services in anticipation of performance by October 1, 2021. PDS responded on September 24, 2021, confirming receipt of the LSRs and stating that PDS had placed a hold on further processing of the orders pending review by Counsel.

On October 5, 2021, OPA issued a decision, which agreed with GDOE's position as it relates to the issue of tariffs and directed PDS to go before the GPUC. However, the OPA

issued no decision or statement regarding the existence of the stay under Title 5 GCA § 5425(g).

On October 28, 2021, PDS filed the instant suit against GDOE, but not GTA. On October 29, 2021, PDS filed its Motion for Preliminary Injunction. On December 15, 2021, GDOE filed its Opposition, arguing *inter alia* that: 1) the Court does not have jurisdiction over PDS's stay claim because the stay issue "was not appealed to the Public Auditor within the appropriate timeframe required by Guam law"; and 2) PDS Def. Opp. to Ex Parte Mot. for Temp. Restraining Order and Prelim. Injunction, at 7-8

On December 3, 2021, GTA filed a Motion to Intervene, and the Court held the Motion for Preliminary Injunction in abeyance until the Motion to Intervene could be addressed. On April 15, 2022, the Court issued a Decision and Order granting GTA's Motion to Intervene. On April 27, 2022, GTA filed its Opposition to PDS's Motion for Preliminary Injunction. On August 2, 2022, the Court held a hearing on the Motion fo Preliminary Injunction. On October 11, 2022, the Court granted the Preliminary Injunction.

On October 21, 2022, GDOE filed its Motion to Reconsider, pursuant to Guam R. Civ. P. 59(e), arguing that (1) the Court does not have jurisdiction over the instant action because PDS failed to bring a proper appeal of the OPA action within the fourteen-day time limit prescribed by 5 G.C.A. § 5481, and; (2) PDS is not likely to succeed on the merits because PDS's protest was filed after the contract was awarded to GTA.

On October 27, 2022, GDOE filed its Motion for Clarification and/or Modification of the Preliminary Injunction, requesting clarification of the following points:

(1) Whether GDOE can issue a Request for Quotation (RFQ) for a small purchase of POTS and DTS in three-month increments to mitigate the exorbitant price of services?
(2) Whether GDOE is permitted under the injunction to make a written determination that the award of the contract without delay is necessary to protect the substantial

interests of Guam pursuant to 5 G.C.A. § 5425(g), in light of this Court's determination that PDS's protest was "pre-award"?

(3) Whether the remedies under 5 G.C.A. § 5451 are available to GDOE, in light of this Court's determination that PDS's protest was "pre-award"?

GDOE Mot. for Clarification and./or Modification of the Preliminary Injunction, at 4-5. GDOE further requests that the temporary injunction be modified depending upon the Court's responses to the above clarifications.

On December 14, 2022, PDS filed its Opposition to GDOE's Motion to Reconsider and Motion for Clarification and/or Modification of the Preliminary Injunction.

## DISCUSSION

### A. Motion for Reconsideration

Pursuant to Guam R. Civ. P. 59(e), motions for reconsideration are appropriate where the trial court: (1) is presented with new evidence; (2) committed clear error or the decision was manifestly unjust, or (3) if there is an intervening change in controlling law. *Waathdad v. Cyfred, Ltd.*, 2021 Guam 24 ¶ 36. The rule allows a court to reconsider and amend a previous order, but is an extraordinary remedy, to be used sparingly in the interest of finality and conservation of judicial resources. *Lujan v. Estate of Rosario*, 2016 Guam 28 ¶ 14. Motions made under GRCP 59(e) are aimed at reconsideration, not initial consideration, and thus cannot be used to present a new legal theory, raise arguments for the first time, or present evidence for the first time when they could have reasonably been raised earlier. *Id.* Furthermore, motions made under GRCP 59(e) will be considered both procedurally and substantively deficient if they simply reiterate in greater detail arguments previously made before the court, and supplementing and further detailing previous arguments are not sufficient bases for reconsideration under GRCP 59(e). *Id.*

Pursuant to Superior Court of Guam Civil Rule 7.1(i), a motion for reconsideration may also be made upon the following grounds:

> (i) Motion for Reconsideration. A motion for reconsideration of the decision on any motion may be made only on the grounds of
> (1) a material difference in fact or law from that presented to the Court before such decision that in the exercise of reasonable diligence could not have been known to the party moving for reconsideration at the time of such decision, or,
> (2) the emergence of new material facts or a change of law occurring after the time of such decision, or,
> (3) a manifest showing of a failure to consider material facts presented to the Court before such decision.
> No motion for reconsideration shall in any manner repeat any oral or written argument made in support of or in opposition to the orig[j]nal motion.

CVR 7.1(i).

In its Motion for Reconsideration, GDOE does not provide any new evidence or demonstrate any change in the controlling law, but instead alleges that the Court committed error by deciding the preliminary injunction issue when PDS had filed its appeal to this Court more than fourteen days after the OPA decision. The Court finds that, in doing so, GDOE is revisiting its argument that: 1) PDS should have brought a procurement appeal of the OPA decision, and; 2) since it did not bring such an appeal within the statutory time period, the Superior Court does not have jurisdiction over the instant matter. The Court finds that GDOE is using the Court's alleged error to revisit its previous arguments.

GDOE further argues for reconsideration by claiming that PDS is not likely to succeed on the merits because PDS's protest was allegedly filed after the contract was awarded to GTA. GDOE claims that it is entitled to relief under all three prongs of CVR 7.1(i), subsequently presenting this Court's decision in *Hawaiian Rock Products Corp. v. Gov't of Guam*, CV1115-04, "opining that an award of a contract is made upon issuance of the 'Notice of Award.'" GDOE alleged that it could not have known about the decision in the exercise of

reasonable diligence because the document is not available on the Superior Court of Guam search engine. GDOE claims that under the *Hawaiian Rock* analysis, the Court cannot find that PDS's protest was pre-award because the notice of award to a vendor constituted the formation of an "informal contract." *Id.* at 11 (FFCL, Mar. 14, 2006). The Court finds that GDOE is again treading dangerously close to re-litigating the arguments made in its December 15, 2021, Opposition to the Preliminary Injunction, in which it alleged that the automatic stay did not apply because the contract had already been awarded to GTA. Furthermore, the Court does not find the 2006 *Hawaiian Rock* FFCL to be of relevance, because this Court has since ruled and the Supreme Court has affirmed that an award remains in the pre-award stage until it is implemented, and that notice of award and the formation of a contractual relationship is not sufficient to demonstrate an award. *Teleguam Holdings, LLC v. Territory of Guam*, CV0334-13, Dec. and Order, at 8 (Aug. 18, 2016); *see Teleguam Holdings, LLC v. Territory of Guam*, 2018 Guam 5 ¶ 41 ("In this case, the Superior Court found the procurement to be in the 'pre-award' stage … We find no reason to disturb this finding … .")

The Court has already established in its October 11, 2022 Decision and Order that the date on which the fourteen-day window begins to run is not contingent upon when the decision was issued, but upon when the protester knew or should have known the facts establishing the essential elements of their protest claim. Dec. and Order (Oct. 11, 2022) (citing *DFS Guam L.P. v. A.B. Won Pat Int'l Airport Auth. Guam*, 2020 Guam 20 ¶ 84). The Court further found in the Decision and Order that PDS filed its protest within fourteen days of when it acquired knowledge of the facts underlying its claim. *Id.* GDOE has presented no new evidence or arguments to convince the Court otherwise, and the repetition of arguments from its Opposition to the Motion for Preliminary Injunction gives the Court cause to **DENY** GDOE's Motion for Reconsideration under both GRCP 59(e) and CVR 7.1(i).

## B. Motion for Clarification and/or Modification

In considering a Motion for Clarification, a question is fit for judicial consideration when the issues raised are primarily legal, do not require further factual development, and the challenged action is final. Conversely, an issue is not fit for judicial review when it involves contingent future events that may not occur as anticipated, or indeed may not occur at all. *People of Guam v. Gay*, 2007 Guam 11 ¶ 8.

Regarding GDOE's Motion for Clarification and/or Modification of the Preliminary Injunction, a preliminary injunction is by its very nature contingent upon further factual development. Furthermore, the first two questions raised for clarification strike the Court as vehicles to eke out slightly more favorable terms for GDOE or determine how to plan out future procurement, rather than actual clarifying questions, and therefore will not be addressed at this time.

In regard to the third question, whether remedies under 5 G.C.A. § 5451 are available to GDOE, the Court notes that, because the Court has preliminarily deemed the matter to be "pre-award," remedies under that statute - cancellation or revision to comply with the law - will become available "if it is determined that a solicitation or proposed award of a contract is in violation of law." Because it has not yet been determined that the solicitation or proposed award of the contract is in violation of law, the question of whether those remedies are currently available to GDOE is not fit for judicial consideration at this time.

Accordingly, the Court **DENIES** GDOE's Motion for Clarification and/or Modification of the Preliminary Injunction.

## CONCLUSION

For the reasons set forth above, the Court **DENIES** GDOE's Motion for Reconsideration and Motion for Clarification and/or Modification of the Preliminary Injunction..

**IT IS SO ORDERED** ___JUN 0 2 2023___.



**HONORABLE ARTHUR R. BARCINAS**
Judge, Superior Court of Guam

**SERVICE VIA EMAIL**
I acknowledge that an electronic
copy of the original was e-mailed to:
Razzano Walsh & Torres
Arriola Law Firm
GDOE
Date: 6/2/23 Time: 6:24pm
**AMY COLLEEN K. ARCEO**
Deputy Clerk, Superior Court of Guam